**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAYMOND KELLY and <br> PATRICIA KELLY <br> *Plaintiffs*, | : | |
| v. | : <br> : | CIVIL ACTION <br> NO. 20-5661 |
| PROGRESSIVE ADVANCED <br> INSURANCE COMPANY <br> *Defendants*. | : | |

**MEMORANDUM**

JONES, II  J.                                                                           September 27, 2021

## I.    Introduction

Plaintiffs Raymond and Patricia Kelly (husband and wife) commenced the above-captioned action against their motor vehicle insurance carrier, Progressive Advanced Insurance Company, alleging improper denial of Underinsured Motorist benefits and bad faith. Plaintiffs' Complaint consists of four (4) counts against Defendant: breach of contract for underinsured motorist benefits (Count I), loss of consortium (Count II), violation of Pennsylvania's bad faith statute (Count III), and violation of the Pennsylvania Unfair Insurance Practice Act ("UIPA") and the "Consumer Protection Act" (Count IV). Defendant filed the instant motion to dismiss Counts III and IV of Plaintiff's Complaint. Plaintiffs have conceded to dismissal of Count IV and for the reasons set forth below, Defendant's Motion shall be granted as to Count III.

## II.   Background

### A. The Accident and Injuries Sustained

On November 6, 2016, Plaintiff Raymond Kelly was involved in a motor vehicle collision when his vehicle was struck in the rear by another vehicle while stopped at a red traffic light. (Compl. ¶ 12.) The collision occurred when motorist Perry Miller struck a vehicle being

driven by Kathleen Walsh, who in turn struck the stopped vehicle of Plaintiff Raymond Kelly. (Compl. ¶ 13.)

Plaintiffs allege that as a direct and proximate result of Miller's negligence, Raymond Kelly suffered serious, permanent, and disabling injuries that have required hospitalizations and neck surgery. (Compl. ¶¶ 14-15, 18.) In particular, Plaintiff claim these injuries include: neural foraminal compression and cord abutment at C3-C4 and C6-C7; severe injury, damage, exacerbation and/or aggravation of previously asymptomatic conditions of his cervical spine; weakness of upper extremities; numbness and tingling of his arm and fingers; headaches; cervical spine strain and sprain; dorsal spine strain and sprain; lumbar spine strain and sprain; left rotator cuff capsule sprain; injury to the left scapular shoulder region; angina pectoris; injury, damage, exacerbation and/or aggravation of previously asymptomatic cardiac conditions; chest pain; chest tightness; light-headedness; nausea; myocardial ischemia; and, injury to nerves and his nervous system. (Compl. ¶ 18.)

Plaintiff Patricia Kelly alleges that as a result of the collision and resultant injuries to her husband, she has been deprived of the companionship, society, and consortium of her husband. (Compl. ¶ 33.)

### B. Insurance of Parties Involved and Bad Faith Claim

At the time of the incident, Perry Miller had motor vehicle insurance in effect through Geico Insurance Company, (Compl. ¶ 23.) After institution of litigation for Third-Party claims, Geico Insurance Company offered Plaintiffs two hundred and seventy-five thousand dollars ($275,000.00) of the three hundred thousand-dollar ($300,000.00) policy limit. (Compl. ¶ 23.) Prior to acceptance of Geico's offer, Plaintiffs obtained Consent to Settle from Defendant, with the expressed intent to pursue Underinsured Motorist Benefits from Defendant. (Compl. ¶ 24.)

Plaintiffs ultimately paid Independence Blue Cross (and its Administrator, the Equian Company) $28,869.70 of the settlement proceeds received from Geico in resolution of the underlying Third-Party litigation against Perry Miller.  (Compl. ¶ 25.)  These payments were made to satisfy a subrogation lien for medical services and bills paid by Independence Blue Cross to treat Raymond Kelly's injuries.  (Compl. ¶ 25.)

The motor vehicle policy issued by Defendant to Plaintiffs, provided, *inter alia*, for Underinsured Motorist Benefits coverage in the amount of $15,000/$30,000, <u>stacked</u>. (Compl. ¶ 12.)  Pursuant to the terms of this policy, Perry Miller was an "underinsured" motorist.  (Compl. ¶ 26.)  Plaintiffs made a claim for Underinsured Motorist Benefits under the Progressive policy.  (Compl. ¶ 28.)  As of the date Plaintiffs commenced suit, Defendant had made no written offer of settlement to Plaintiffs.  (Compl. ¶ 29.)

### III.     Standard of Review

Rule 12(b)(6) provides for dismissal of a Complaint, in whole or in part, for failure to state a claim upon which legal relief can be granted.  In deciding a motion to dismiss, "'[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 318 (3d Cir. 2008) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  While these claims do not require detailed facts, "a complaint must do more than allege the plaintiff's entitlement to relief.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  A complaint must "show" the plaintiff is entitled to relief.  *Id*.  (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-235 (3d Cir. 2008)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Courts reviewing a motion to dismiss pursuant to Rule 12(b)(6) must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2008)); *see also Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). In the Third Circuit, the court's review "is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate when, even assuming all of a plaintiff's claims as true, said plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If a plaintiff does not "nudge [his/her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id*.

### IV. Discussion

#### A. Bad Faith

As noted above, the sole issue for review by this Court, is whether Plaintiffs have sufficiently stated a claim for bad faith under 42 Pa. C.S. § 8371.

It is well settled that:

> Under Pennsylvania law, an insured may bring a statutory bad faith claim against their insurer. Bad faith is distinct from any underlying breach of contract claim, and extends to the handling of UIM claim.
>
> To state a claim for bad faith under Section 8371, an insured must allege facts that plausibly establish: (1) the insurer had no reasonable basis for its actions; and (2) that the insurer knew of or recklessly disregarded the fact that it lacked a reasonable basis for its conduct. [A]ctions constituting bad faith are not limited

4

>solely to a denial of coverage—bad faith may also include a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims. Bad faith can also include poor claims-handling, the insurer's failure to act with diligence or respond to the insured, scattershot investigation, and similar conduct.

*Faith v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 21-0013, 2021 U.S. Dist. LEXIS 169723, at *5-6 (W.D. Pa. Sept. 8, 2021) (internal quotation marks and citations omitted); *see also Ironshore Specialty Ins. Co. v. Conemaugh Health Sys.*, 423 F. Supp. 3d 139, 155 (W.D. Pa. 2019) ("[B]ad faith may also include a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to promptly acknowledge or act on claims [as well as] poor claims-handling, the insurer's failure to act with diligence or respond to the insured, scattershot investigation, and similar conduct.") (internal citations omitted).

However, "[i]n alleging bad faith in the context of a UIM benefits dispute, a "plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." *O'Brien v. Liberty Mut. Ins*., Civil Action No. 21-1234, 2021 U.S. Dist. LEXIS 140495, at *5-6 (E.D. Pa. July 28, 2021) (quoting *Pierchalski v. Pryor*, No. 19-CV-01352, 2020 U.S. Dist. LEXIS 187520, at *15 (W.D. Pa. Oct. 9, 2020).  To that end, a Complaint alleging bad faith "must specifically include facts to address who, what, where, when, and how the alleged bad faith conduct occurred."  *Shetayh v. State Farm. Fire & Cas. Co.*, No. 5:20-CV-00693, 2020 U.S. Dist. LEXIS 39036, at *7 (E.D. Pa. March 6, 2020).  "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-CV-1087, 2016 U.S. Dist. LEXIS 74496, at *11 (E.D. Pa. June 8, 2016); *see also Smith v. State Farm Mutual Automobile Ins. Co.*, 506 F. App'x 133, 136-37 (3d Cir. 2012) (affirming dismissal of

5

bad faith claim where the Complaint consisted of conclusory statements); *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017) (holding "a plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements[]" in order to survive a motion to dismiss) (citation omitted).

Upon review of the allegations set forth in Plaintiffs' Complaint, this Court finds Count III to be devoid of facts necessary to infer a plausible bad faith claim. But for the date of the underlying accident, Plaintiffs' Complaint fails to provide any references to dates or timespans, yet claims several of Defendant's alleged actions to be untimely.[1,2] Similarly, Plaintiffs make several allegations of unreasonableness with respect to the thoroughness and assessment of their claim, yet provide no indication as to the manner in which these alleged deficiencies were unreasonable. *See Allen v. State Farm Mut. Auto. Ins. Co.*, No. 14-CV-7367, 2015 U.S. Dist. LEXIS 30339, at *6 (E.D. Pa. Mar. 11, 2015) ("[Allegations that Insurer] failed 'to properly investigate and evaluate plaintiff's [insurance] claim' and 'knew or recklessly disregarded the fact that it had no reasonable basis for its above conduct' are [deemed] conclusory statements and recitations of the elements of the claim that need not be accepted as true.").[3]

---

[1] Attached as exhibits to both parties' briefing on the instant motion, are two reports by Dr. Andrew Freese; a post-operative report dated April 9, 2018 and a follow-up report dated January 30, 2020. However, Plaintiffs' Complaint does not indicate exactly what information Defendant had at what time.

[2] This Court also remains mindful of the fact that since mid-March 2020, the world has been dealing with a deadly pandemic that has delayed the normal flow of business throughout this country. Plaintiffs filed the instant lawsuit on November 13, 2020, as a "second wave" of Covid-19 cases was taking its toll.

[3] As an aside, this Court notes the woeful deficiency of Plaintiffs' briefing in opposition to the instant Motion. In support of their bad faith claim, Plaintiffs rely solely upon the pleading standard of *Twombly*, with absolutely no reference to the Supreme Court's subsequent holding in *Iqbal*, which requires greater specificity. In that context, Plaintiffs oppose Defendant's Motion by merely citing to the subsections set forth in Paragraph 36 of their Complaint, while specifically setting forth twelve of those averments and then concluding "these averments of the Plaintiffs' Complaint identify for the Defendant exactly what actions and failures to act

Again, without these basic facts, this Court is unable to draw necessary inferences and assess the plausibility of Plaintiffs' bad faith claim. Although Plaintiffs' allegations of bad faith are numerous,[4] they fail to meet the requisite specificity for successfully pleading such a claim.

---

constitute bad faith . . . [t]he averments in the Kelly Complaint herein are fully aligned with precedents and directive established by the United States Supreme Court, the Federal Courts of Pennsylvania, and the State Courts of Pennsylvania for pleading bad faith." (ECF No. 5 at 15-18). Plaintiffs fail to provide any of the "precedents and directives" they reference but instead, simply conclude for the court that their bad faith claim is sufficient. Going forward, such substandard briefing will not suffice. Plaintiffs are strongly encouraged to consult the Local Rules for this District, as well as this Court's Policies and Procedures regarding briefing requirements. *See Allen v. State Farm Mut. Auto. Ins. Co*., 14-CV-7367, 2015 U.S. Dist. LEXIS 30339, at *7-8 (E.D. Pa. March 11, 2015) (issuing a Rule to Show Cause upon counsel as to why sanctions should not be imposed where "Plaintiffs' Opposition [to a motion to dismiss their bad faith claim] completely ignored . . . binding precedents.").

[4] At Paragraph 36 of their Complaint, Plaintiffs outline twenty-six (26) specific averments of acts and omissions they claim constitute bad faith on the part of Defendant: a. Failure to acknowledge and act properly upon written or oral communications with respect to claims arising under Plaintiffs' insurance policy; b. Failure to conduct a reasonable investigation based upon all available information; c. Failure to attempt in good faith to effectuate prompt, fair and equitable settlements of Plaintiffs' claims for Underinsured Motorist Benefits; d. Failure to have the medical records of Raymond Kelly timely reviewed by a Physician of appropriate Specialty, Expertise, and Training, in conjunction with the assessment and evaluation of Plaintiffs' claims for Underinsured Motorist Benefits; e. Failure to have Raymond Kelly timely examined by a Physician of appropriate Specialty, Expertise, and Training, in conjunction with the assessment and evaluation of Plaintiffs claims for Underinsured Motorist Benefits; f. Failure to elicit a timely Opinion and Report of a Physician of appropriate Specialty, Expertise, and Training, in conjunction with the assessment and evaluation of Plaintiffs' claims for Underinsured Motorist Benefits; g. Failure to gather complete and full evidence concerning Raymond Kelly's motor vehicle collision of November 6, 2016, in conjunction with the assessment and evaluation of Plaintiffs' claims for Underinsured Motorist Benefits; h. Failure to gather complete and full medical records of Raymond Kelly, in conjunction with the assessment and evaluation of Plaintiffs' claims for Underinsured Motorist Benefits; i. Failure to meet Raymond Kelly and Patricia Kelly to assess their credibility in conjunction with the assessment and evaluation of Plaintiffs' claims for Underinsured Motorist Benefits; j. [W]rongfully compelling the Plaintiffs Raymond Kelly and Patricia Kelly to institute litigation to recover amounts due under their policy; k. Failure to provide a reasonable explanation for the basis of Defendant's wrongful actions, or failures to act, in its failure to make a reasonable and timely offer of settlement to the Plaintiffs on their claims for Underinsured Motorist Benefits, based upon the insurance policy at issue herein, Raymond Kelly's health and activity level prior to November 6, 2016, the facts of the collision at issue herein, Plaintiff's injuries suffered on November 6, 2016, his surgery, medical care, hospitalizations, history of medical injections, rehabilitation, his present symptoms, his continuing problems, conditions, and restrictions since November 6, 2016, which

*See Rosenberg v. Amica Mut. Ins. Co*., Civil Action No. 18-406, 2018 U.S. Dist. LEXIS 117116, at *7 (W.D. Pa. July 12, 2018) (assessing many of the same bad faith allegations presented by Plaintiffs herein and dismissing the claim pursuant to Rule 12(b)(6) because "[t]hese allegations, though numerous, are of a conclusory nature."). Plaintiffs' Complaint alleges no factual content to suggest Defendant lacked a reasonable basis for denying the UIM coverage, or that Defendant knew or recklessly disregarded the lack of reasonable basis  Accordingly, Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint shall be granted.

---

problems, conditions and restrictions are permanent and directly related to the Tortfeasor's negligence, or the law applicable to Plaintiffs' claims against the Defendant Insurance Corporation; l. Failure to extend a reasonable offer on Plaintiffs' Underinsured Motorist Benefits claims when the Tortfeasor's liability is clear; m. Failure to extend a reasonable offer on Plaintiffs' Underinsured Motorist Benefits claims when the damages suffered by the Insureds are clear and well-documented; n. In exhibiting unreasonable delay in investigating these claims for Underinsured Motorist Benefits; o. Failure to conduct a reasonable investigation of Plaintiffs' claims for underinsured Motorist's Benefits; p. Failure to extend any fair and reasonable offer of settlement to Plaintiffs on their claims for Underinsured Motorist Benefits; q. Failure to objectively and fairly evaluate Plaintiffs' claims for Underinsured Motorist Benefits; r. In unnecessarily and unreasonably compelling Plaintiffs to institute litigation on its claims for Underinsured Motorist's Benefits; s. In unnecessarily and unreasonably compelling the Plaintiffs to incur the costs of litigation of their claims for Underinsured Motorist Benefits; t. In unnecessarily and unreasonably compelling the Plaintiffs to suffer the strains and delays of litigating their claims for Underinsured Motorist Benefits; u. In wrongfully failing to fairly and reasonably evaluate and adjust Plaintiffs' claims for Underinsured Motorist Benefits, due to the advanced ages and health of Raymond Kelly and Patricia Kelly; v. In wrongfully evading its duties owed under its insurance policy issued to the Plaintiffs; w. Failure to undertake a good faith investigation of Plaintiffs' claims for Underinsured Motorist Benefits; x. Failure to perform a reasonable and timely evaluation of Plaintiffs' claims for Underinsured Motorist Benefits; y. Failure to abide by the Defendant insurance carrier's claims' manual guidelines and insurance contract with the Plaintiffs; and z. Plaintiffs reserve the right to append other wrongful actions, or failures to act, of the Defendant as are disclosed in the discovery process or during the Trial of this action.

### B. Amendment

Amendments to a Complaint may be made as a matter of course, but only if the amendment occurs within: "21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

Inasmuch as the conditions for amendment as a matter of course are absent in this case, amendment is only permitted by leave of court or with the written consent of the opposing party. Fed. R. Civ. P. 15(a)(2). Defendant herein has not provided its written consent, therefore, leave of court must be obtained in order for Plaintiffs to amend. It is well settled that leave must be freely granted "when justice so requires." *Id*. However, leave may be denied where undue delay, bad faith, dilatory motive, prejudice, or futility are present. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In examining futility, the legal standards of Rule 12(b)(6) must be applied. *Id*.

Plaintiffs herein seek leave to amend in the event the court determines their bad faith claim is deficient. Upon careful assessment of the allegations set forth in Count III of Plaintiffs' Complaint (as well as those incorporated by reference), this Court is unable to conclude that amendment would be futile. Accordingly, Plaintiffs shall be granted leave to amend their bad faith claim.

**V.     Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint shall be granted and Plaintiffs shall be afforded leave to amend said Count. Count IV of Plaintiffs' Complaint shall be dismissed in accordance with Plaintiffs' concession that the claims set forth therein cannot be sustained.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II      J.